IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

BILLY DEAN SMITH, et al.,

  Plaintiffs,

vs.

ROBERT COCORAN, et al.,

  Defendants.

Case No. 1:13-cv-00010-TMB

## ORDER DENYING SECOND MOTION FOR RECONSIDERATION

Billy Dean Smith and Jacob Lee Anagick, self-represented prisoners, have filed a Second Motion for Reconsideration of the Court's denial of their requests to remand.[1] The Plaintiffs have shown that, when they sent a summons and complaint to Robert Corcoran at Lemon Creek Correctional Center by restricted delivery mail, the return receipt was signed by "P. Modene" on November 18, 2013.[2] The Plaintiffs rely upon Alaska Rule of Civil Procedure 4(h), which states:

> **Service of Process by Mail.** In addition to other methods of service provided for by this rule, process may also be served within this state . . . by registered or certified mail, with return receipt requested, upon an individual . . . In such case, copies of the summons and complaint or other process shall be mailed for restricted delivery only to the party to whom the summons or other process is directed or to the person authorized under federal regulation to receive the party's restricted delivery mail. All receipts shall be so addressed that they are returned to the party serving the summons or process or the party's attorney. Service of process by mail under this paragraph is complete when the return receipt is signed.

---

[1] Docket 24.

[2] Docket 6-1 at 3.

However, 28 U.S.C. § 1446(b)(1), provides that removal is appropriate "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" For the reasons explained in its orders denying the Plaintiffs' requests for remand,[3] the January 17, 2014 removal of this case was "within 30 days after the *receipt* by [Robert Corcoran], through service or otherwise,"[4] on November 28, 2014, of the Plaintiffs' state court complaint.[5]

**IT IS THEREFORE ORDERED:**

1. The Second Motion for Reconsideration, at Docket 24, is DENIED.

2. The unopposed[6] Motion to Strike, at Docket 26, is GRANTED.

DATED at Anchorage, Alaska this 19th day of March, 2014.

TIMOTHY M. BURGESS<br>United States District Judge

---

[3] Dockets 15, 22.

[4] 28 U.S.C. § 1446(b)(1) (emphasis added); *see also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991) (recognizing that federal courts should not allow for "an interpretation [which] would give [a] local rule an impermissible jurisdictional character"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

[5] *See* Fed.R.Civ.P. 6(a) (computation of time periods).

[6] Docket 27.

1:13-cv-00010-TMB, *Smith v. Corcoran*
Order Denying Second Motion for Reconsideration
Page 2 of 2