# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| |
|---|
| BILLY DEAN SMITH, et al., |
| Plaintiffs, |
| vs. |
| ROBERT CORCORAN, et al., |
| Defendants. |

Case No. 1:13-cv-00010-TMB

## ORDER REGARDING PENDING MOTIONS

Billy Dean Smith and Jacob Lee Anagick, self-represented prisoners, have filed the following motions in this case:[1] (1) Motion to Compel Attorney Matthias Cicotte to Answer One Question;[2] (2) Motion for Damage Hearing and Finding of Merit;[3] (3) Motion to Serve Defendant Wellard;[4] and (4) Application and Motion for Default Judgment.[5]

1.  Motion to Compel

When a party wishes to make a formal request for information from the other party, the party must do so using the discovery mechanisms set out in the Federal Rules of Civil Procedure. The most commonly used requests are those found in Rule 30 (depositions by oral examination), Rule 33 (interrogatories to parties), Rule 34, (production of documents) and Rule 36 (requests for admission). Only *after* a party fails to adequately respond to a discovery request, may the party making the request file a motion asking the court for assistance in

---
[1] The Court will await responses from the Defendants as to Dockets 46 and 47.
[2] Docket 33; *see also* Docket 38 (opposition); Docket 48 (reply).
[3] Docket 34; *see also* Docket 39 (opposition); Docket 48 (reply).
[4] Docket 44.
[5] Dockets 40, 41.

obtaining the discovery.[6] Thus, the Motion to Compel Attorney Matthias Cicotte to Answer One Question will be denied.

2.   Motion for Damage Hearing and Finding of Merit

In the Motion for Damage Hearing and Finding of Merit, the Plaintiffs jump the gun. The Defendants oppose the Motion stating, in relevant part, as follows:

> The question of § 1915A review is now moot, given the court's recent determination that the complaint, liberally construed, "appears to state a plausible claim of the violation of the Plaintiffs' Due Process Rights." Docket No. 36, n. 9. Of course, the mere fact that the complaint states a plausible claim for § 1915A purposes does not entitle plaintiffs to a finding in their favor on the merits and a damages hearing. Discovery has not yet commenced.[7]

The Court agrees with the Defendants. This Motion is premature, and must be denied.

---

[6] Fed.R.Civ.P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D.Ak.L.R. 37.1(a) ("Absent exigent circumstance, counsel for the moving party must confer in person, or if they are not located in the same city then by telephone, with counsel for the party against whom relief is sought in an effort to resolve any discovery dispute before filing a motion to compel discovery or for sanctions under Rule 37, Federal Rules of Civil Procedure. If such a motion is filed, it must:
(1) have attached a Good Faith Certificate (Form 37.1); or
(2) include in the first paragraph a statement as to the reason that a Good Faith Certificate cannot be attached, including the efforts made to arrange a conference.").
[7] Docket 39 at 2.

3. Motion to Serve Defendant Wellard

The Plaintiffs have shown that, when they sent the summons and complaint to Robert Corcoran at Lemon Creek Correctional Center (LCCC) by restricted delivery mail, the return receipt was signed on November 18, 2013.[8] The same person who signed for Corcoran's summons and complaint at LCCC also signed for the summons and complaint directed to Defendant Wellard.[9]

In the Opposition to Motion to Remand to State Court, counsel for the Defendants states as follows: "Counsel has already entered appearance for both defendants, so there will be no effort to dismiss this case for improper service."[10] Based upon the representation of counsel, therefore, both Corcoran and Wellard were properly served, and the Motion to Serve Wellard will be denied as moot.

---

[8] Docket 6-1.
[9] Docket 6-2.
[10] Docket 10 at 3.

4. Application and Motion for Default Judgment

Although the Plaintiffs were told to "require an answer immediately or apply for default within 21 days from the date of this minute order,"[11] they waited until an Answer had been filed to move for default.[12] Counsel for the Defendants, however, should clarify whether the Answer can apply to both of the Defendants. The Court will address the Application and Motion for Default Judgment thereafter.[13]

**IT IS THEREFORE ORDERED:**

1. The Motion to Compel, at Docket 33, is DENIED.

2. The Motion for Damage Hearing and Finding of Merit, at Docket 34, is DENIED.

3. The Motion to Serve Wellard, at Docket 44, is DENIED as moot.

4. Within 14 days of the date of this Order, counsel for the Defendants must clarify whether the Answer at Docket 37 applies to both Defendants

---

[11] Docket 23 (2/19/14 Minute Order); *see also* Docket 29 at 2 (3/19/14 Order: "You must require an answer immediately, or apply for default,4 within 21 days from the date of this minute order. Otherwise, this case will be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."); Docket 36 at 3 (3/28/14 Order: "Now the Plaintiffs must either request an answer from the Defendants or apply for entry of default as described in that minute order. Any prior application for default filed in the state court,8 does not suffice.").

[12] Dockets 37, 40, 41.

[13] *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) *the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits*.") (citation omitted) (emphasis added).

Corcoran and Wellard, or file a separate or Amended Answer.  No action will be taken on Dockets 40 and 41 until the time for this filing has run.

DATED at Anchorage, Alaska this 23rd day of April, 2014.

<u>S/TIMOTHY M. BURGESS</u>
United States District Judge